UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANONYMOUS PLAINTIFF,

                              Plaintiffs,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER DONTE ALARCON, POLICE OFFICER RAMON HILARIO, DETECTIVE JEFFREY AUGUSTINE, SERGEANT BRIAN PADOVANI, and POLICE OFFICER WILLIAM WILSON,

                              Defendants.

------------------------------------------------------------------------x

FIRST AMENDED COMPLAINT

13 Civ. 8928 (VEC)

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of Anonymous Plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Anonymous Plaintiff demands a trial by jury in this action.

## PARTIES

6.    Anonymous Plaintiff is a Hispanic-American male.

7. Defendant The City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant The City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant The City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Police Officer Donte Alarcon ("Alarcon") was an officer, employee, and agent of Defendant The City of New York.

11. At all times relevant herein, Defendant Alarcon was acting within the scope of his employment with Defendant The City of New York.

12. At all times relevant herein, Defendant Alarcon was acting under color of state law.

13. Defendant Alarcon is sued in his individual and official capacities.

14. At all times relevant herein, Defendant Police Officer Ramon Hilario ("Hilario") was an officer, employee, and agent of Defendant The City of New York.

15. At all times relevant herein, Defendant Hilario was acting within the scope of his employment with Defendant The City of New York.

16. At all times relevant herein, Defendant Hilario was acting under color of state law.

17. Defendant Hilario is sued in his individual and official capacities.

18. At all times relevant herein, Defendant Detective Jeffrey Augustine ("Augustine") was an officer, employee, and agent of Defendant The City of New York.

19. At all times relevant herein, Defendant Augustine was acting within the scope of his employment with Defendant The City of New York.

20. At all times relevant herein, Defendant Augustine was acting under color of state law.

21. Defendant Augustine is sued in his individual and official capacities.

22. At all times relevant herein, Defendant Sergeant Brian Padovani ("Padovani") was an officer, employee, and agent of Defendant The City of New York.

23. At all times relevant herein, Defendant Padovani was acting within the scope of his employment with Defendant The City of New York.

24. At all times relevant herein, Defendant Padovani was acting under color of state law.

25. Defendant Padovani is sued in his individual and official capacities.

26. At all times relevant herein, Defendant Detective William Wilson ("Wilson") was an officer, employee, and agent of Defendant The City of New York.

27. At all times relevant herein, Defendant Wilson was acting within the scope of his employment with Defendant The City of New York.

28. At all times relevant herein, Defendant Wilson was acting under color of state law.

29. Defendant Wilson is sued in his individual and official capacities.

**STATEMENT OF FACTS**

30. On August 24, 2012, Anonymous Plaintiff was lawfully present at or near 588 Timpson Place, Bronx, New York ("Subject Location") as a passenger in a vehicle driven by his friend.

31. After Anonymous Plaintiff's friend parked the vehicle, both Anonymous Plaintiff and his friend exited the vehicle.

32. Upon exiting the vehicle, they were approached by several individuals who, initially, yelled and cursed at them, and then began to physically assault Anonymous Plaintiff and his friend.

33. Anonymous Plaintiff attempted to escape, but fell to the ground, where he was brutally assaulted by several of the individuals.

34. One of the individuals took the keys to the vehicle, got into the vehicle, and stuck Anonymous Plaintiff's friend with it.

35. Anonymous Plaintiff attempted to escape, but was also struck with the vehicle and fell to the ground.

36. While he was on the ground, the vehicle struck Anonymous Plaintiff again.

37. Anonymous Plaintiff was beaten unconscious and almost to death by the individuals.

38. Anonymous Plaintiff suffered, among other things, clearly visible and severe bruising and bleeding on various parts of his body and face; concussion; partially collapsed lung; numerous cuts and scratches; torn clothing; a fracture of the left leg; injuries to his right shoulder; injuries to his left knee; and a bilateral fracture of his nasal bone.

39. The beating also caused Anonymous Plaintiff to expel the contents of his stomach into his throat and mouth.

40. Upon information and belief, the individual defendants were called to the scene of the incident.

41. Upon information and belief, the individual defendants interviewed the attacking individuals, who were known to the New York City Police Department and the individual defendants as both violent and gang members.

42. Upon information and belief, the attacking individuals acknowledged to the individual defendants that they had, in fact, beaten Plaintiff.

43. Upon information and belief, the individual defendants also interviewed members of the community who had witnessed, but who were not involved in, the events alleged herein.

44. Upon information and belief, the uninvolved members of the community corroborated the events as alleged herein.

45. Upon information and belief, the uninvolved members of the community informed the individual defendants, *inter alia*, that the attacking individuals were members of a violent gang.

46. Upon information and belief, EMTs were called to the scene of the incident where they treated Anonymous Plaintiff before transporting him to the hospital.

47. At the scene of the incident, EMTs were able to revive Anonymous Plaintiff for some time before Anonymous Plaintiff, again, became unconscious.

48. While conscious at the scene, Anonymous Plaintiff explained to the individual defendants what occurred to both himself and his friend, explaining that they had been beaten and run over by the attacking individual noted above.

49. Despite all of the foregoing, the individual defendants placed Anonymous Plaintiff under arrest.

50. Anonymous Plaintiff's arrest was without probable cause.

51. Anonymous Plaintiff's arrest was approved at the Subject Location by Defendant Padovani.

52. Anonymous Plaintiff was transported to Lincoln Medical and Mental Health Center's emergency room by EMTs and the individual defendants.

53. Once at the emergency room, Anonymous Plaintiff was given routine treatment for victims of assault, including blood tests.

54. The blood tests revealed that Anonymous Plaintiff was hyperglycemic.

55. The individual defendants knew this information and were present for these treatments and tests.

56. Despite knowing that Anonymous Plaintiff was hyperglycemic and had expelled the contents of his stomach into his throat and mouth, the individual defendants forced Anonymous Plaintiff to take a breath alcohol test.

57. In giving Anonymous Plaintiff the breath alcohol test, the individual defendants knew that, because of the foregoing trauma, physical condition, and medical conditions suffered by Anonymous Plaintiff, that the breath alcohol test would be wholly inaccurate, and that the administration of the breath alcohol test under such conditions was completely improper.

58. At the hospital, Anonymous Plaintiff again told the individual defendants what had occurred to himself and his friend.

59. At some point, Anonymous Plaintiff was released from the hospital and transported to a police precinct by the individual defendants.

60. The individual defendants spoke with the Bronx County District Attorneys' Office, individually and collectively lying to the Bronx County District Attorney's Office that Anonymous Plaintiff had violated New York Penal Law § 125.12(1) and Veh. & Traffic L. § 1192(3).

61. Based on these fabricated allegations, the Bronx County District Attorney's Office forwarded to Defendant Alarcon a Criminal Court Complaint.

62. The Criminal Court Complaint was reviewed and then signed by Defendant Alarcon.

63. When reviewing and signing the Criminal Court Complaint, Defendant Alarcon knew the allegations contained therein to be false.

64. The executed Criminal Court Complaint was then forwarded by Defendant Alarcon to the Bronx County District Attorney's Office.

65. Legal process was issued against Plaintiff, and Plaintiff was subsequently arraigned.

66. During the pendency of the criminal proceeding, the individual defendants forwarded false evidence to the Bronx County District Attorney's Office, *inter alia*, arrest reports; complaint reports; statements from the attacking individuals they knew or should have

known were false; physical evidence; breath alcohol test results they knew or should have known were completely inaccurate and patently unreliable; and evidence/property vouchers.

67. Further, the individual defendants purposefully withheld exculpatory information from the Bronx County District Attorney's Office, *inter alia*, the statements of those individuals who corroborated Anonymous Plaintiff's account of the events; information regarding Anonymous Plaintiff's physical and medical conditions at the time of the breath alcohol test; and Plaintiff's statements to the individual defendants at the scene of the incident and at the hospital.

68. Plaintiff suffered damage as a result of the individual defendants' actions. Plaintiff was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to reputation.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

69. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. Defendants, by their conduct toward Anonymous Plaintiff as alleged herein, violated Anonymous Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

71. As a direct and proximate result of this unlawful conduct, Anonymous Plaintiff sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

72. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. The individual defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Anonymous Plaintiff without reasonable suspicion.

74. As a direct and proximate result of this unlawful conduct, Anonymous Plaintiff sustained the damages herein alleged.

### THIRD CAUSE OF ACTION
*False Arrest*

75. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. The individual defendants violated the Fourth and Fourteenth Amendments because they arrested Anonymous Plaintiff without probable cause.

77. As a direct and proximate result of this unlawful conduct, Anonymous Plaintiff sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

78. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. The individual defendants created false evidence against Anonymous Plaintiff.

80. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office, and withheld exculpatory evidence from prosecutors in the Bronx County District Attorney's Office.

81. In doing so, the individual defendants violated Anonymous Plaintiff's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

82. As a direct and proximate result of this unlawful conduct, Anonymous Plaintiff sustained the damages herein alleged.

### FIFTH CAUSE OF ACTION
*Malicious Abuse of Process*

83. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84. The individual defendants issued and/or caused to be issued legal process to place Plaintiff under arrest.

85. The individual defendants arrested Anonymous Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stop and search of Anonymous Plaintiff.

86. The individual defendants pursued these collateral objectives after issuance of legal process by, *inter alia*, forwarding false evidence to the Bronx County District Attorney's Office and continuing to participate in the prosecution of Anonymous Plaintiff.

87. The individual defendants acted with intent to do harm to Anonymous Plaintiff without excuse or justification.

88. As a direct and proximate result of this unlawful conduct, Anonymous Plaintiff sustained the damages herein alleged.

### SIXTH CAUSE OF ACTION
*Malicious Prosecution*

89. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

90. The individual defendants initiated the criminal proceedings against Anonymous Plaintiff by issuing and/or causing to be issued legal process against Plaintiff.

91. The individual defendants lacked probable cause to commence the criminal proceedings against Anonymous Plaintiff.

92. The individual defendants' actions were motivated by actual malice.

93. The criminal proceedings were terminated in favor of Anonymous Plaintiff.

94. As a direct and proximate result of this unlawful conduct, Anonymous Plaintiff sustained the damages herein alleged.

## SEVENTH CAUSE OF ACTION
*Failure to Intervene*

95. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

96. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

97. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

98. As a direct and proximate result of this unlawful conduct, Anonymous Plaintiff sustained the damages herein alleged.

## EIGHTH CAUSE OF ACTION
*Section 12132 of the Americans with Disabilities*
*Act of 1990, As Amended ("ADA")*

99. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

100. Anonymous Plaintiff suffers from hyperglycemia. Accordingly, Anonymous Plaintiff qualifies as a person with an impairment that substantially limits one or more of major life activities. Anonymous Plaintiff's condition therefore constitutes a protected disability under the ADA.

101. The above-described conduct amounts to discrimination against Anonymous Plaintiff as it violates Section 12132, which states: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

102. Pursuant to Section 12121, Defendant The City of New York is a "public entity" subject to the provisions of the ADA.

103. Defendant The City of New York's, through its employees and agents, intentional or otherwise deliberate refusal to accommodate Anonymous Plaintiff's needs, in light of their knowledge of Anonymous Plaintiff's medical conditions, violated the ADA. Among other things, the Defendants refused to accommodate Anonymous Plaintiff's condition when administering the breath alcohol test, although they knew his medical condition would cause the test to return artificially high and completely inaccurate and unreliable readings.

104. Defendants refused to accommodate Anonymous Plaintiff by, among other things, refusing to provide alternative means of testing and refusing to wait until Anonymous Plaintiff's ketone levels had normalized before administering the test.

105. Instead of accommodating Anonymous Plaintiff's needs, Defendant The City of New York, through its employees and agents, denied Anonymous Plaintiff services and programs

available to others that could have prevented this miscarriage of justice, as well the injuries alleged herein.

106. The failure to accommodate Anonymous Plaintiff's disabilities was intentional and/or deliberately indifferent to Anonymous Plaintiff's rights under Chapter 126 of the ADA and was the proximate cause of his injuries.

107. As a consequence of Defendant The City of New York's discriminatory treatment and lack of accommodation, Anonymous Plaintiff suffered serious injuries. Anonymous Plaintiff is, thus, entitled to damages.

## NINTH CAUSE OF ACTION
### *§ 504 of the Rehabilitation Act*

108. Anonymous Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

109. Anonymous Plaintiff qualifies as a person with an impairment that substantially limits one or more major life activities. Anonymous Plaintiff's disability, therefore, constitutes a protected disability under the Rehabilitation Act.

110. Defendant The City of New York's intentional refusal to accommodate Anonymous Plaintiff's medical condition was tantamount to a denial of services and programs available to others that could have prevented this miscarriage of justice, as well as Anonymous Plaintiff's pain and suffering. The failure to accommodate the foregoing disabilities was intentional and/or deliberately indifferent to Anonymous Plaintiff's rights under § 504 of the Rehabilitation Act, and bore a causal link to Anonymous Plaintiff's subsequent injuries.

111. As a consequence of Defendant The City of New York's discriminatory treatment and lack of accommodation, Anonymous Plaintiff suffered serious injuries and is entitled to damages.

## TENTH CAUSE OF ACTION
*Monell*

112. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

113. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff.

114. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

115. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence, the withholding of exculpatory evidence, submission of patently unreliable breath alcohol test results, and perjury.

116. This quota policy requires that police officers, including the individual defendants named herein, make a certain number of arrests and/or write a certain number of summonses and desk appearance tickets within an allocated time period.

117. Officers that meet the required number of arrests, summonses, and desk appearance tickets are classified as active officers.

118.   Officers that do not meet the required number of arrests, summonses, and desk appearance tickets are classified as inactive officers.

119.   Active officers are given promotion opportunities that are not afforded to inactive officers.

120.   Active officers are given overtime opportunities, such as security at parades, etc., that are not afforded to inactive officers.

121.   The quota policy does not differentiate between arrests, summonses, and desk appearance that are supported by probable cause and ones that are not, driving officers to make arrests without probable cause in pursuit of fulfilling the quotas.

122.   Defendant The City of New York, through the NYPD, does nothing to ensure that officers, in trying to fulfill this quota policy, are making arrests and issuing summonses and desk appearance tickets lawfully.  There are no post-arrest investigations that are performed, and no policies in place that would prevent abuse of this policy, such as is demonstrated in the instant case.

123.   Defendant The City of New York, through the NYPD, does nothing to determine the outcome of the charges levied against arrestees in order to proper counsel officers as to the lawfulness of their arrests/issuance of summonses and desk appearance tickets.

124.   The failure of Defendant The City of New York to, *inter alia*, take these steps encourages, *inter alia*, unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury, in that the quota policy provides, *inter alia*, career and monetary incentives to officers, including the individual defendants herein.

125. Defendant The City of New York is estopped from asserting that a quota/productivity policy does not exist and that this policy motivates police officers to violate the rights of individuals. *See Bryant v. The City of New York*, 022011/2007 (Kings Cnty. Sup. Ct.) (jury finding that quota policy exists and that it contributed to constitutional rights violations).

126. Defendant The City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

127. Defendant The City of New York, through the NYPD, provides officers, including the individual defendants herein, with overtime opportunities when arrest are made, or summonses and desk appearance tickets are issued.

128. Upon making an arrest or issuing summons or desk appearance ticket, an arresting officer submits a request for overtime to his commanding officer.

129. These requests are essentially rubberstamped, with commanding officers performing no investigation into the circumstances of the arrest.

130. Defendant The City of New York, through the NYPD, does not perform any post-arrest investigation and there are no policies in place to prevent abuse of this overtime policy.

131. As a result of this overtime policy, officers, including the individual officers named herein, abuse this overtime policy, making baseless arrests and wrongfully issuing summonses and desk appearance tickets to substantially supplement their income through overtime pay.

132. Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its training, policies, practices, and customs to stop this behavior.

133. Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

134. These policies, practices, and customs were the moving force behind Anonymous Plaintiff's injuries.

**PRAYER FOR RELIEF**

**WHEREFORE**, Anonymous Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 12, 2014

/s/
Gregory P. Mouton, Jr., Esq.
The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com